STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

November 12, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MICHELLE L. FOSTER,**
**Claimant Below, Petitioner**

**vs.)  No. 13-1068**  (BOR Appeal No. 2048265)
                              (Claim No. 2009087316)

**FAYETTE COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Michelle L. Foster, by John Shumate Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Fayette County Board of Education, by Matthew Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 26, 2013, in which the Board reversed a March 14, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's January 14, 2011, decision granting Ms. Foster a 9% permanent partial disability award. The Office of Judges also reversed the claims administrator's October 13, 2011, decision granting Ms. Foster an additional 3% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Foster was injured on April 8, 2009, while lifting heavy food products and her claim was held compensable for displaced cervical intervertebral disc, sprain/strain of the thoracic region, and sprain/strain of the shoulder. On February 12, 2010, Saghir Mir, M.D., performed an independent medical evaluation. He concluded that Ms. Foster had reached maximum medical improvement and opined that she sustained 0% whole person impairment as a result of her thoracic spine and left shoulder injuries. When evaluating the cervical spine, he placed Ms.

1

Foster in category II of West Virginia Code of State Rules § 85-20-Table E (2006) and opined that she sustained 8% whole person impairment. On June 1, 2010, Rebecca Thaxton, M.D., performed a records review and opined that Dr. Mir's February 12, 2010, report contains an error. Dr. Thaxton determined that Dr. Mir correctly calculated Ms. Foster's whole person impairment arising from the cervical spine as 8%, but committed an error when calculating the amount of whole person impairment arising from the left shoulder. Dr. Thaxton noted that when Dr. Mir's final report is compared to the raw data he obtained the raw data indicate that Ms. Foster sustained 1% whole person impairment as a result of the left shoulder injury. On January 14, 2011, the claims administrator granted Ms. Foster a 9% permanent partial disability award, with 8% of the award allocated to the cervical spine and 1% of the award allocated to the left shoulder.

On August 24, 2011, Dr. Mir performed a second independent medical evaluation and opined that Ms. Foster sustained 0% whole person impairment as a result of the thoracic spine injury, 4% whole person impairment as a result of the left shoulder injury, and 8% whole person impairment as a result of the cervical spine injury. Once again, Dr. Mir placed Ms. Foster in category II of West Virginia Code of State Rules § 85-20-Table E. On October 13, 2011, the claims administrator granted Ms. Foster an additional 3% permanent partial disability award for the injury to her left shoulder based on Dr. Mir's August 24, 2011, independent medical evaluation.

On January 13, 2012, Yogesh Chand, M.D., performed an independent medical evaluation. In addition to the compensable displaced cervical intervertebral disc, Dr. Chand opined that an EMG revealed evidence of inactive cervical radiculopathy. He found that Ms. Foster had not reached maximum medical improvement. However, Dr. Chand provided an opinion regarding the amount of Ms. Foster's permanent impairment resulting from her compensable injuries. He opined that Ms. Foster sustained 8% whole person impairment as a result of the left shoulder injury. Dr. Chand then stated that he could not evaluate Ms. Foster's thoracic spine amid her complaints of pain, but opined that she sustained 4% whole person impairment as a result of the thoracic spine injury based on an apparent belief that she had previously received a 4% permanent partial disability award for the thoracic spine injury. When evaluating the cervical spine, he placed Ms. Foster in category III of West Virginia Code of State Rules § 85-20-Table E and opined that she sustained 18% whole person impairment as a result of her cervical spine injury.

On October 3, 2012, Paul Bachwitt, M.D., performed an independent medical evaluation. He opined that Ms. Foster had reached maximum medical improvement and exhibited no signs of radiculopathy. After placing Ms. Foster in category II of West Virginia Code of State Rules § 85-20-Table E, he opined that she sustained 5% whole person impairment as a result of the cervical spine injury and has been fully compensated through the prior 8% permanent partial disability award. He also opined that Ms. Foster sustained 5% whole person impairment as a result of the thoracic spine injury and 3% whole person impairment as a result of the left shoulder injury.

In its Order reversing the January 14, 2011, and October 13, 2011, claims administrator's decisions, the Office of Judges held that Ms. Foster sustained 25% whole person impairment as a result of her compensable injuries, with 18% attributable to the cervical spine, 5% attributable to the thoracic spine, and 4% attributable to the left shoulder, and granted her a 25% permanent partial disability award. The Board of Review reversed the Office of Judges' Order and held that Ms. Foster sustained 16% whole person impairment as a result of her compensable injuries. Ms. Foster disputes this finding and asserts that the evidence of record demonstrates that she sustained 25% whole person impairment as a result of her compensable injuries.

The Office of Judges noted that only Dr. Bachwitt and Dr. Chand opined that Ms. Foster sustained permanent impairment as a result of the thoracic spine injury. The Office of Judges then found that Dr. Chand failed to adequately explain his findings. The Office of Judges determined that Dr. Bachwitt's findings represent the most reliable evidence regarding the amount of Ms. Foster's whole person impairment arising from the thoracic spine injury, and found that she is entitled to a 5% permanent partial disability award for the thoracic spine injury based on Dr. Bachwitt's opinion.

The Office of Judges then found that Dr. Bachwitt's and Dr. Mir's reports corroborate each other regarding the amount of permanent impairment arising from the left shoulder injury. The Office of Judges concluded that the claims administrator properly granted Ms. Foster a 4% permanent partial disability award for the left shoulder injury.

Finally, the Office of Judges found that the evidence of record demonstrates that Ms. Foster has a herniated cervical disc and radiculopathy, and therefore qualifies for placement in category III of West Virginia Code of State Rules § 85-20-Table E as recommended by Dr. Chand. The Office of Judges then concluded that Dr. Mir and Dr. Bachwitt understated Ms. Foster's cervical spine condition, and found that she is entitled to an 18% permanent partial disability award for the cervical spine injury as recommended by Dr. Chand.

The Board of Review affirmed the Office of Judges' finding that Ms. Foster sustained 5% whole person impairment as a result of her thoracic spine injury, and also affirmed the Office of Judges' finding that Ms. Foster sustained 4% whole person impairment as a result of her left shoulder injury. However, the Board of Review found that the Office of Judges' analysis and conclusions regarding the placement of Ms. Foster in category III of West Virginia Code of State Rules § 85-20-Table E are clearly wrong in light of the evidence of record. The Board of Review noted that Dr. Chand opined that Ms. Foster had not reached maximum medical improvement with respect to the cervical spine. The American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) require that a claimant have reached maximum medical improvement with regard to a given injury before a determination of permanent impairment can be made. In accordance with the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, Dr. Chand should not have assessed the amount of Ms. Foster's whole person impairment after concluding that she has not reached maximum medical improvement. In contrast, both Dr. Bachwitt and Dr. Mir found that Ms. Foster had reached maximum medical improvement.

3

Further, the Board of Review found that both Dr. Bachwitt and Dr. Mir placed Ms. Foster in category II of West Virginia Code of State Rules § 85-20-Table E, with Dr. Bachwitt recommending a 5% permanent partial disability award and Dr. Mir recommending an 8% permanent partial disability award. After concluding that Dr. Mir's report is reliable, the Board of Review determined that the evidence of record demonstrates that Ms. Foster sustained 8% whole person impairment as a result of her cervical spine injuries. After combining 8% whole person impairment for the cervical spine, 5% whole person impairment for the thoracic spine, and 4% whole person impairment for the left shoulder, the Board of Review determined that Ms. Foster sustained 16% whole person impairment as a result of her compensable injuries and granted her a 16% permanent partial disability award. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   November 12, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

4